UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS SANCHEZ TORRES,<br>Petitioner,<br>v.<br>WARDEN, Northwest ICE Processing Center,<br>Respondent. | CASE NO. 2:26-cv-02668-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Jesus Sanchez Torres's petition for writ of habeas corpus. Dkt. No. 1. Having reviewed the petition, Respondents'[1] return (Dkt. No. 5), Petitioner's traverse (Dkt. No. 10), and the relevant record, the Court DENIES the petition as

[1] Petitioner named "Warden, Northwest ICE Processing Center ['NWIPC']," as the Respondent in this case. *See* Dkt. No. 1 at 1. Bruce Scott is the Warden of NWIPC; he has not appeared in this case. *See* Dkt. No. 5 at 1. Instead, the United States participates in this case, and opposes Petitioner's petition, as an interested non-party. *See id.* The United States purports to respond to the petition "on behalf of U.S. Immigration and Customs Enforcement Acting Seattle Field Office Director Julio Hernandez; U.S. Department of Homeland Security ('DHS') Secretary Markwayne Mullin; DHS; and Acting U.S. Attorney General Todd Blanche." Dkt. No. 5 at 1 n.2. For ease of reference, the Court will collectively refer to those individuals and entities represented by the United States as "Respondents."

moot.

Petitioner's petition is thin on details. Petitioner asserts that he "was detained by the police for no reason." Dkt. No. 1 at 6. He further states that he "was detained illegally by cops and ICE." *Id.* at 2. Although Petitioner does not assert which statutory authority he believes he is detained under in his petition, in his traverse, he argues that he is detained under 8 U.S.C. § 1226(a). Dkt. No. 10 at 2. As such, the petition is interpreted as a challenge to his pre-removal-order detention.

However, on September 16, 2026, Petitioner had a final merits hearing in immigration court, in which the immigration judge ("IJ") ordered Petitioner removed to Mexico. Dkt. No. 11-2 (IJ Removal Order) at 3. Both Petitioner and the government waived appeal of the IJ's order (*id*. at 4), meaning Petitioner's removal order became administratively final on September 16, 2026. *See* 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge . . . shall become final . . . [u]pon waiver of appeal by the respondent."). While Petitioner challenges his pre-removal-order detention (*see* Dkt. Nos. 1, 10), his final removal order created a new lawful basis for detention, making the arguments in his petition and traverse moot. *Zakarneh v. United States Immigr. & Customs Enf't*, No. C25-707, 2026 WL 73825, at *4 (W.D. Wash. Jan. 9, 2026) ("To the extent Petitioner challenges his pre-final removal order detention, such a claim is moot" because the basis for his detention changed when the order of removal became final).

The detention, release, and removal of noncitizens subject to a final order of removal is governed by Section 241 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1231. The initial 90-day period after a removal order becomes administratively final is called the "removal period." 8 U.S.C. § 1231(a)(1)(A). Detention during the removal period is mandatory. *Id.* § 1231(a)(2). Petitioner's 90-day removal period began on September 16, 2026, and runs through December 15, 2026. Petitioner is still within that 90-day removal period, and

accordingly, his current detention is mandatory and is not unlawful. In accordance with this Court's Order (Dkt. No. 2), Respondents have provided notice that they intend to remove Petitioner to Mexico within a week. *See* Dkt. No. 11 (Notice of Intent to Remove); Dkt. No. 11-1 (Notice of Imminent Removal). In the event that Petitioner is not removed to Mexico and his detention becomes unreasonably prolonged, he can bring a new petition.

For these reasons, the Court DENIES the petition as moot.

Dated this 25th day of September, 2026.

Tana Lin
United States District Judge